## Frank Estate

*Thomas J. Gaffney* and *Ronald C. Unterberger,* for accountants.

*Warren J. Kauffman,* for distributee.

*John H. Hough,* of *Schnader, Harrison, Segal & Lewis,* guardian-trustee ad litem.

SHOYER, J., April 14, 1975.—Agnes P. Frank died March 16, 1965, leaving a will dated August 26, 1958, whereby testatrix gave her residuary estate to her trustees to hold the fund for the benefit of her grand-nephews and grandnieces until they attain age 25. She further directed that her City of Philadelphia bonds be held until maturity unless they could be sold at 98, and the interest on these bonds be invested in strong securities for the children and given to them when they reach the age of 25 years.

The fund being accounted for was awarded to the accountants under the adjudication of Saylor, J., dated April 4, 1966, and supplemental adjudication dated May 24, 1966. The adjudication held that all children born to testatrix' nephew and nieces prior to the first of their children attaining age 25 years should share as beneficiaries, and distribution of principal should be per capita. He directed that the interest paid on the City of Philadelphia bonds be accumulated, and in his supplemental adjudication ordered that all other income be distributed per capita, to the beneficiaries in esse at the time of each distribution.

This account was filed because James J. Hagan, IV, one of the grandnephews, a son of Mary A. Frank

Hagan, attained age 25 on September 1, 1973. The class of beneficiaries closed as of that date. There were then 26 grandnephews and grandnieces entitled to share in the estate, as listed in the statement of proposed distribution. Of the remaining 25 beneficiaries, five have since attained their majority.

By decree dated June 17, 1974, the court, Shoyer, J., sua sponte, appointed John Harrison Hough, Esq., guardian ad litem for the minors and trustee ad litem for unascertained persons, "to serve as such until distribution is completed."

Mr. Hough's report reviews the history and provisions of the trust, the relationship of the parties in interest and the prior adjudication of Judge Saylor. Mr. Hough points out that the trustees have filed three separate accounts which are now being audited, viz: (1) residuary trust; (2) Philadelphia bond fund; and (3) income accumulation account. Supplemental income accounts have also been filed in connection with each of these accounts. The report points out that there are 26 beneficiaries of the trust, each having an interest in the three trust accounts. The report approves the accumulation of the income of the bond fund. It also approves of the distribution of the shares of the other income to the beneficiaries who have attained age 18. Mr. Hough objects, however, to the distribution of the shares of the income of the minors to their parents; this income, he contends, should also be accumulated and paid to the beneficiaries as they respectively attain age 18. He suggests that if any emergency should ever arise that would necessitate the use of a minor's income, a petition could be filed with notice to the guardian ad litem, in order to obtain his approval and the approval by the court. The suggestion is adopted. The report notes that the inheritance tax has been paid by the trustees on the estates for years. Payment of

additional inheritance tax and interest is now payable because of the distribution of the remainder interest of the 1/26 share of James J. Hagan, IV and the estates for years of the other beneficiaries. There has been no showing that the trustees have abused their discretion in their selection of the manner of payment of the inheritance tax, or that the delay in making the payment has resulted in a larger amount of interest owing than was earned in the tax payment due.

Mr. Hough's comprehensive report discusses in detail the investments reflected in the three accounts, the management and the income tax liability of the beneficiaries. He urges that the share of the distributee be valued at the time distribution is made and not at the values on September 1, 1973, when James attained age 25. The delays in concluding the audit are properly attributable to the unusual problems arising in the carrying out of the provisions of the Will. It would be unfair to charge the share now distributable with the vagaries of the market during the entire period. Valuation of the share distributable as of January 1, 1974, will be fair to all parties in interest and it is so ordered.

Resolution of the question as to whether the shares of the grandnephews and grandnieces are vested or contingent is not now properly before the court.

Hereafter, as a beneficiary attains age 25, the trustees may make distribution of such share under Rule *93, and after notice and consent of the guardian ad litem, without the requirement of a formal account. It will not be necessary to divide the trust into separate trusts.

The report fully discusses and approves the credits taken in each of the trusts for payment of counsel fees and commissions, the latter pursuant to a compensation agreement.

The request by the guardian ad litem for compensation in the sum of $1,000 is allowed.

Except as above noted, the report is adopted and approved.

All parties in interest are stated to be sui juris or represented and to have notice of the audit and the questions involved.

There was no objection to the account which, as supplemented, shows a balance of

| | | |
|---|---|---|
| principal of | | $214,878.43 |
| and a balance of income of | | 0.00 |
| | together | $214,878.43 |
| less: John H. Hough, Esq., compensation, guardian; trustee ad litem | | 1,000.00 |
| | leaving | $213,878.43 |

which, composed as indicated in the account, together with income since received, subject to distribution heretofore properly made, is awarded:

1/26 to James J. Hagan, IV, subject to such transfer inheritance tax as may be applicable thereto; and

25/26 to Girard Trust Bank, Carl R. Heerman and Louis J. Frank, Jr., Trustees, subject to such transfer inheritance tax as may be due and assessed.

Accountants are authorized to make the necessary transfers, as above.

A schedule of distribution, duly certified by counsel to be correct and in conformity with this adjudication and, if distribution is to be made in kind, approved by all parties in interest therein, shall within 90 days after the absolute confirmation of this account be submitted by the accountants to the auditing judge. The schedule, when approved by the auditing judge and hereto annexed, will form part hereof.

A Certificate of the Official Examiner under Rule 91, as to his examination of the assets composing the fund awarded in trust, to be annexed hereto.

And now, April 14, 1975, the account is confirmed nisi.